**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DELVONN BATTLE,<br><br>　　　　Defendant. | No. 13-CR-2005-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  RELEVANT PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . *1*

III. ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
　　A.　*Government's Motion for Pretrial Ruling* . . . . . . . . . . . . . . . . . . *2*
　　　　1.　Direct evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
　　　　2.　Rule 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
　　　　3.　Rule 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
　　　　4.　Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
　　B.　*Defendant's Motion in Limine* . . . . . . . . . . . . . . . . . . . . . . . . *8*

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

## *I. INTRODUCTION*

　　The matters before the court are the government's "Motion for Rule 104 Ruling Regarding Evidence of Prior Shooting" ("Motion for Pretrial Ruling") (docket no. 26) and Defendant Delvonn Battle's "Motion in Limine" (docket no. 27) (collectively, "Motions").

## *II. RELEVANT PROCEDURAL HISTORY*

　　On February 26, 2013, the government filed a one-count Indictment (docket no. 2) against Defendant. The Indictment charges that, on or about January 13, 2012, Defendant knowingly possessed a firearm after having been convicted of a crime punishable by

imprisonment for a term exceeding one year. Such offense is a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On April 30, 2013, the government filed the Motion for Pretrial Ruling. On May 6, 2013, Defendant filed the Motion in Limine. On May 8, 2013, Defendant filed a Resistance (docket no. 28) to the government's Motion for Pretrial Ruling. On that same date, the government filed a Resistance (docket no. 29) to Defendant's Motion in Limine. Also on May 8, 2013, the court held a final pretrial conference ("FPTC"), during which time it heard oral arguments on the Motion for Pretrial Ruling and the Motion in Limine. *See* May 8, 2013 Minute Entry (docket no. 31). The court finds that the Motions are fully submitted and ready for decision.

### III. ANALYSIS

#### A. *Government's Motion for Pretrial Ruling*

The instant case arises out of a January 13, 2012 traffic stop in Waterloo, Iowa. The government alleges that there were three individuals in the vehicle, including Defendant. The government further alleges that, during a subsequent search of the vehicle, law enforcement officers discovered a firearm under the seat where Defendant was sitting.

In the Motion for Pretrial Ruling, the government requests that the court admit evidence that Defendant possessed the same firearm recovered during the January 13, 2012 traffic stop during an earlier incident in December 2011 in Des Moines, Iowa. The government contends that the proposed evidence will show that, on December 4, 2011, an individual, J.G., was shot in the back of the leg as he was walking back to a car from a gas station. The government alleges that the shell casings from the December 2011 shooting match the firearm law enforcement officers found during the January 13, 2012 traffic stop. The government further alleges that a witness will identify Defendant as the individual who shot J.G.

The government argues that evidence of the December 2011 shooting is "admissible as direct evidence of the crime charged." Brief in Support of Motion for Pretrial Ruling (docket no. 26-1) at 5. Alternatively, the government argues that the evidence is admissible under Federal Rule of Evidence 404(b).

### 1. *Direct evidence*

The government first argues that evidence of the December 2011 shooting is admissible as direct evidence and, consequently, Rule 404(b) is not implicated. Specifically, the government contends that, because the December 2011 shooting involved the same firearm as the one alleged in the Indictment, evidence regarding the December 2011 shooting is directly relevant to the charged offense.

"Rule 404(b), which governs the admission into evidence of wrongful conduct other than the conduct at issue, applies only to extrinsic evidence and not to intrinsic evidence." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (quoting *United States v. Swinton*, 75 F.3d 374, 377 (8th Cir. 1996)) (internal quotation marks omitted); *see also United States v. Carroll*, 207 F.3d 465, 468 (8th Cir. 2000) (discussing intrinsic evidence). Evidence is intrinsic if it "tends logically to prove any element of the crime charged," in which case it "is admissible as an integral part of the immediate context of the crime." *Moore v. United States*, 178 F.3d 994, 1000 (8th Cir. 1999) (quoting *United States v. Bass*, 794 F.2d 1305, 1312 (8th Cir. 1986)) (internal quotation marks omitted).

For example, in *United States v. Adams*, 604 F.3d 596 (8th Cir. 2010), law enforcement officers found a rifle during a search of the defendant's home. *Id.* at 598. The defendant was subsequently charged with being a felon in possession of a firearm "'on or about March 14, 2008.'" *Id.* at 597. At trial, the district court allowed the defendant's roommate to testify that the defendant had possessed and discharged the rifle on previous occasions, including in the fall of 2007. *Id.* at 598. The district court held "that the evidence of prior possession was intrinsic to the charged offense." *Id.* at 599. In upholding the district court's decision, the Eighth Circuit Court of Appeals emphasized that

the government could prove its case by establishing that the defendant constructively possessed the firearm. *Id.* Because the roommate's "testimony indicate[d] that the same individual was in sole, knowing possession of the same rifle in the same house on four successive occasions leading up to the charged date," the testimony was admissible as direct, intrinsic evidence establishing the defendant's "ownership or control of the gun" and, as such, was not subject to Rule 404(b). *Id.*

In this case, for the reasons more fully stated in the government's Brief in Support of the Motion for Pretrial Ruling, the court finds that evidence regarding the December 2011 shooting is admissible as intrinsic evidence. Although Defendant is not charged with possessing the firearm on December 4, 2011—the date of the shooting—such evidence is directly relevant to whether Defendant possessed the same firearm five weeks later during the January 13, 2012 traffic stop. Given that there were two other individuals in the car during the traffic stop, evidence that Defendant possessed the firearm on a previous occasion is relevant to establishing his "ownership or control of the gun." *Id.* Thus, because the evidence tends to prove that Defendant constructively possessed the firearm on January 13, 2012, "it is admissible as an integral part of the immediate context of the crime and is not governed by [Rule] 404(b)." *Moore*, 178 F.3d at 1000 (quoting *Bass*, 794 F.2d at 1312) (internal quotation mark omitted).

### 2. *Rule 404(b)*

Alternatively, the court finds that, even if evidence regarding the December 2011 shooting were not directly relevant to proving Defendant's constructive possession of the firearm, the evidence would nevertheless be admissible under Rule 404(b). Rule 404(b) provides that evidence of other crimes is not admissible to show a defendant's propensity to commit crime; however, such evidence may be admissible for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "[Rule 404(b)] is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible

4

absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006).

> To be admissible, Rule 404(b) evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, [and] (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act . . . .

*Id.* (quoting *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)).

In this case, evidence that Defendant "possessed a firearm on a previous occasion is relevant to show knowledge and intent." *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006); *see also United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) (holding that evidence of the defendant's two prior firearms offenses was relevant to prove knowledge and intent where the defendant was charged with being a felon in possession of a firearm). As the government indicates in its Brief in Support of the Motion for Pretrial Ruling, the primary issue at trial will likely be whether Defendant knew that the firearm was in the vehicle during the January 13, 2012 traffic stop. Evidence that Defendant possessed the same firearm approximately five weeks earlier is certainly relevant to prove that Defendant knew that the firearm was present and that he intended to possess it.

Defendant's possession of the firearm in December 2011 is also similar in kind and close in time to the current charged offense. The evidence the government intends to offer will show that Defendant possessed the same firearm he is charged with possessing in the Indictment. Moreover, the December 2011 shooting took place only five weeks prior to the charged offense. *See United States v. Shillingstad*, 632 F.3d 1031, 1035 (8th Cir. 2011) (holding that prior bad acts "were sufficiently close in time" when they were committed "within four years of the charged conduct").

Finally, Defendant's involvement in the December 2011 shooting is supported by sufficient evidence. The government indicates that the proposed evidence "includes

eyewitness testimony of the shooting, the collection of the shell casings at the scene, the comparison of those shell casings to the firearm found under [D]efendant's seat in Waterloo, and the identification of [D]efendant as the shooter." Brief in Support of Motion for Pretrial Ruling at 2-3. Such evidence would be sufficient for a reasonable jury to conclude that Defendant in fact possessed a firearm in December 2011. *See Huddleston v. United States*, 485 U.S. 681, 689 (1988) (noting that evidence is sufficient "if the jury can reasonably conclude that the act occurred and that the defendant was the actor"); *see also United States v. Jourdain*, 433 F.3d 652, 659-60 (8th Cir. 2006) (discussing the sufficiency-of-the-evidence requirement).

Thus, in light of the foregoing, the court finds that, even if evidence regarding the December 2011 shooting were not intrinsic evidence, it would nevertheless be admissible under Rule 404(b).

### 3. *Rule 403*

As the government acknowledges in its Brief in Support of the Motion for Pretrial Ruling, "[w]hether offered as direct intrinsic evidence or as evidence admissible under Rule 404(b), all evidence is still subject to analysis under [Federal Rule of Evidence] 403." Brief in Support of Motion for Pretrial Ruling at 7; *see also United States v. Maxwell*, 643 F.3d 1096, 1102 (8th Cir. 2011) (discussing the relationship between Rule 404(b) and Rule 403). Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In this case, the court concludes that the probative value of the evidence is not substantially outweighed by the dangers and considerations enumerated in Rule 403. While the court does not doubt that Defendant will suffer some prejudice, the court cannot say that such prejudice outweighs the highly probative value of the evidence. As the government notes in its Brief in Support of the Motion for Pretrial Ruling, "[t]he evidence

relating to [D]efendant's possession of the same firearm just weeks earlier is extremely probative" of whether Defendant knew that the firearm was in the vehicle during the January 13, 2012 traffic stop. Brief in Support of Motion for Pretrial Ruling at 7; *see also United States v. Flenoid*, 415 F.3d 974, 977 (8th Cir. 2005) (noting that, in a felon-in-possession case, evidence that the defendant had shot a person "was highly probative of [the defendant's] possession of a prohibited firearm because it established that he used it"). The court further notes that any prejudice will be lessened by an appropriate jury instruction. *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he risk [of unfair prejudice] was adequately reduced by two cautionary instructions from the district court . . . ."); *United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009) ("[T]he district court's limiting instruction—clarifying that the evidence was admitted only for the purpose of showing knowledge and intent—minimized any prejudicial effect it may have had.").

The court is mindful of Defendant's concern of distracting the jury with a "mini-trial," Brief in Support of Resistance to Motion for Pretrial Ruling (docket no. 28-1) at 4, on whether Defendant was the shooter in the December 2011 incident. The court notes, however, that the government has indicated it intends to call only four witnesses to testify regarding this one incident. Given the highly probative value of the evidence, the court finds that the prospect of a mini-trial, while a concern, does not warrant exclusion of the evidence under Rule 403. *Cf. United States v. Cook*, 454 F.3d 938, 942 (8th Cir. 2006) (finding that the district court did not abuse its discretion in excluding evidence regarding "five relatively remote drug transactions" because such evidence "posed a substantial risk of distracting the jury from its central task of determining whether it was [the defendant] who possessed the distribution quantity of crack cocaine" as alleged in the indictment).

### 4. *Summary*

In light of the foregoing, the court finds that evidence of Defendant's involvement in a December 2011 shooting in Des Moines, Iowa, is admissible as intrinsic evidence.

7

Alternatively, the court finds that such evidence is admissible under Rule 404(b). Thus, the court shall grant the government's Motion for Pretrial Ruling.

### B. *Defendant's Motion in Limine*

In his Motion in Limine, Defendant requests that the court exclude various categories of evidence. At the FPTC, the court made a ruling as to each category of evidence, which the court summarizes here.

First, Defendant requests that the court exclude evidence that he was detained pending trial and that he has court-appointed counsel. In its Brief in Support of the Resistance to the Motion in Limine, the government indicates that it does not intend to present evidence regarding Defendant's pretrial detention or his indigent status. Accordingly, the court shall grant the Motion in Limine to the extent it seeks to exclude such evidence.

Second, Defendant requests that the court exclude evidence regarding his gang membership or affiliation. In its Brief in Support of the Resistance to the Motion in Limine, the government indicates that it does not intend to elicit testimony regarding gang affiliation and, at the FPTC, the government requested that Defendant also be prohibited from presenting evidence regarding any of the government witnesses' gang memberships or affiliations. Thus, the court shall grant the Motion in Limine to the extent it seeks to exclude such evidence. As agreed at the FPTC, both parties are prohibited from presenting evidence regarding gang membership or affiliation.

Third, Defendant requests that the court exclude evidence regarding his "prior criminal history and arrest history, except for the qualifying predicate felony offense." Motion in Limine at 1. In its Brief in Support of the Resistance to the Motion in Limine, the government indicates that, while it does not intend to present any such evidence in its case-in-chief, Defendant has four prior felony offenses that the government would seek to offer for impeachment purposes pursuant to Federal Rule of Evidence 609(a) in the event

that Defendant testifies at trial. *See* Brief in Support of Resistance to Motion in Limine (docket no. 29-1) at 3 (listing Defendant's four felony convictions).

Rule 609(a) provides that a defendant's prior conviction is admissible for impeachment purposes if the prior conviction, "in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year," and "the probative value of the evidence outweighs its prejudicial effect." Fed. R. Evid. 609(a). The Rule also contains a time limit:

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, . . . [e]vidence of the conviction is admissible only if:
>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>>
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

The court acknowledges that each of the four convictions the government identifies are crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Iowa and that Defendant's June 2005, January 2011 and February 2012 convictions are less than ten years old. The court notes, however, that Defendant's March 2002 conviction for possession of a controlled substance with intent to deliver may be subject to Rule 609(b)'s more stringent admissibility requirement depending on when Defendant was released from imprisonment for the offense. Because the court is not yet aware of whether Defendant will testify, the court shall reserve ruling on the admissibility of Defendant's prior convictions under Rule 609. The parties may raise this issue at trial if it becomes apparent that Defendant will testify.

Fourth, Defendant requests that the court exclude evidence that he "was involved in any distribution or the use of controlled substances." Motion in Limine at 1. At the FPTC, the government indicated that it did intend to present evidence regarding

Defendant's involvement with controlled substances. The government notes in its Brief in Support of the Resistance to the Motion in Limine, however, that "[D]efendant's prior involvement with the distribution of drugs will be evident from the prior convictions that the [government] seeks to offer for impeachment purposes." Brief in Support of Resistance to Motion in Limine at 2 n.1. Accordingly, the court shall grant the Motion in Limine to the extent it seeks to exclude such evidence with the caveat that the jury may nevertheless become aware of Defendant's involvement with controlled substances if Defendant testifies and the court admits his prior convictions for impeachment purposes.

Fifth, Defendant requests that the court exclude recorded hearsay statements. At the FPTC, Defendant stated that he does not object to the recording of the traffic stop or the recording of a phone conversation between Defendant and another individual. Because Defendant does not identify any particular statements he wishes the court to exclude, the court shall deny the Motion in Limine to the extent it seeks to exclude recorded hearsay statements. Defendant may object to any hearsay statements at trial.

Sixth, Defendant seeks to exclude evidence related to the December 2011 shooting. For the reasons discussed in relation to the government's Motion for Pretrial Ruling, the court finds that such evidence is admissible. Accordingly, the court shall deny the Motion in Limine to the extent it seeks to exclude such evidence.

Seventh, Defendant seeks to exclude evidence "as to any motive for Defendant allegedly possessing the firearm at issue." Motion in Limine at 1. At the FPTC, the government explained that, while it does not intend to offer evidence regarding Defendant's motive for possessing the firearm on January 13, 2012, it does intend to present evidence relating to Defendant's possible motive for the December 2011 shooting. Specifically, the government intends to elicit testimony that Defendant had an argument with the shooting victim, J.G., shortly before the shooting. At the FPTC, Defendant explained that he seeks to exclude evidence suggesting Defendant may have intended to use the firearm on January 13, 2012. Accordingly, the court shall grant the Motion in Limine

to the extent it seeks to exclude evidence regarding Defendant's motive for possessing the firearm on January 13, 2012.

Finally, Defendant requests that the court exclude evidence regarding "[i]nferences and conclusions of guilt drawn by law enforcement officers from post-arrest interviews of Defendant." Motion in Limine at 2. At the FPTC, the court stated that such testimony is not relevant and, thus, is not admissible. Accordingly, the court shall grant the Motion in Limine to the extent it seeks to exclude such evidence.

## IV. CONCLUSION

In light of the foregoing, the court **HEREBY ORDERS**:

(1) The government's "Motion for Rule 104 Ruling Regarding Evidence of Prior Shooting" (docket no. 26) is **GRANTED**;

(2) Defendant Delvonn Battle's "Motion in Limine" (docket no. 27) is **GRANTED IN PART**, **DENIED IN PART** and the court **RESERVES RULING IN PART**; and

(3) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**DATED** this 16th day of May, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA